UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mary Williams

v. Civil No. 15-cv-416-JD
Opinion No. 2016 DNH 052

Carolyn W. Colvin,
Acting Commissioner,
Social Security Administration

O R D E R

Mary Williams, proceeding pro se, seeks judicial review, pursuant to U.S.C. § 405(g), of the decision of the Acting Commissioner of the Social Security Administration, denying her application for supplemental security income. The Acting Commissioner moves to affirm.

Standard of Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings as long as they are supported by substantial evidence. § 405(g). "Substantial evidence is more than a

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).

## Background

Williams applied for supplemental security income benefits on October 30, 2012, alleging a disability beginning on March 1, 2012, caused by panic attacks, depression, and anxiety. After her application was denied, she requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 22, 2014. Williams was forty-four at the time of the hearing, had completed eighth grade, and previously had worked briefly as a cashier.

Her medical background begins in October of 2012 when she went to the emergency room at Lakes Region General Hospital because of anxiety. She was prescribed Lorazepam. She began treatment, as a new patient, with Laura Zakorchemny, APRN, on November 15, 2012. Her record indicates she was then taking Prozac and Buspirone for anxiety and would be referred for counseling when it was available. Williams sought treatment at the emergency room and with Nurse Zakorchemny over the next two months for plugged ears, anxiety, and panic attacks. Williams reported that she was not taking her prescribed medications

because she was worried about side effects and could not afford the medications.

At appointments in February, April, and May of 2012 with Nurse Zakorchemny, Williams reported that Prozac was working well. Nurse Zakorchemny noted that Williams was not in acute distress, had intact judgment, insight, and memory, was oriented, and had no depression, anxiety, or agitation.

In April of 2013, Williams had a consultative psychological examination with Robert Prescott, Ph.D. Williams reported her history of panic attacks and her medication that she said was helping. Based on his examination, Dr. Prescott found that Williams had average intelligence, a marginally adequate ability to abstract, the ability to interact and communicate appropriately despite not being at ease with people she did not know and in crowds, the ability to understand and remember basic work procedures, and the ability to manage low levels of stress and change.

In May of 2013, Craig Stenslie, Ph.D., a nonexamining psychologist, reviewed Williams's records and assessed her mental function. Based on his review, Dr. Stenslie concluded that Williams could deal with directions, maintain attention for extended periods, sustain an ordinary routine without special supervision, complete a normal work day and work week, could

work in coordination with others, and deal adequately with change in a low-stress environment.

Williams appeared and testified at the hearing before the ALJ without an attorney or other representation. When the ALJ told Williams that she had the right to representation by an attorney or someone else, she said that she wanted to proceed without representation. Williams testified that she lived with her husband and two sons, one of whom was disabled and needed heart surgery. She described her anxiety and panic attacks and the effects of medication and counseling in controlling both.

The ALJ issued a decision on July 24, 2014, finding that Williams was not disabled. The ALJ found that Williams had a severe impairment of anxiety but was nevertheless able to do work at all exertional levels in a low-stress environment that only required occasional interaction with the general public. Relying on the Medical Vocational Guidelines, Rule 204, the ALJ concluded that she could perform work that exists in the national economy. Williams requested review by the Appeals Council, and the Appeals Council denied her requiest on September 10, 2015.

## Discussion

Williams filed a one-page motion to reverse the Acting Commissioner’s decision. She states that the Appeals Council

did not review her claim and that she submitted medical documentation. The Acting Commissioner moves to affirm on the grounds that the Appeals Council properly denied Williams's request for review and that the ALJ's decision is supported by substantial evidence in the record.

A. Review by the Appeals Council

The Appeals Council's denial of review is not reviewable on appeal except in the exceptional situation when the denial "rests on an explicit mistake of law or other egregious error." Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001). In that exceptional circumstance, the reason for denying review must be both articulated and "severely mistaken." Id. Generally, an issue about Appeals Council review will "arise[] in social security cases where new evidence is tendered after the ALJ decision." Id.

In this case, Williams submitted new evidence to the Appeals Council, a one-page letter from her case manager at Genesis Behavioral Health that is also signed by her other service providers. The letter states that Williams was receiving weekly services at Genesis Behavioral Health and had monthly case management services. The letter also stated that Williams's mental health issues made her unable to work. The

Appeals Council considered the letter but concluded that it did not support a reasonable probability of changing the outcome.

The determination of whether a claimant is able or unable to work is reserved for the Acting Commissioner. 20 C.F.R. § 416.927(d)(1). For that reason, a provider's opinion that a claimant is disabled or unable to work "does not mean that [the Acting Commissioner] will determine that you are disabled." Id. Based on § 416.927(d)(1), the Appeals Council appropriately considered but rejected the opinion that Williams provided.

No mistake or other error occurred in Williams's case. Therefore, the case cannot be reversed based on the Appeals Council's denial of review.

B. Disability Determination

In determining whether a claimant is disabled for purposes of social security benefits, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520 and 416.920. The claimant bears the burden through the first four steps of proving that his impairments preclude him from working. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). At the fifth step, the Acting Commissioner has the burden of showing that jobs exist which the claimant can do. Heggarty v. Sullivan, 947 F.2d 990, 995 (1st Cir. 1991). An ALJ may rely on the Medical-Vocational Guidelines ("Grid"), 20 C.F.R. § 404, Subpart P,

Appendix 2, to find that a claimant is not disabled as long as the claimant's non-exertional impairments do not significantly erode the occupational base at the identified exertional level. Nguyen, 172 F.3d at 36; Ortiz v. Sec'y of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989).

To the extent Williams challenges the ALJ's finding that she is not disabled, she has not explained what error was made that would require reversal. In response, the Acting Commissioner addresses the ALJ's decision to show that substantial evidence supports the findings made and that Williams is not disabled. Therefore, the findings must be affirmed.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse (document no. 10) is denied. The Acting Commissioner's motion to affirm (document no. 12) is granted.

The decision of the Acting Commissioner is affirmed. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.

Joseph DiClerico, Jr.
United States District Judge

March 10, 2016

cc: Mary P. Williams pro se
Michael T. McCormack, Esq.